IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 11-0019-WS |
| | ) |
| DOMINIC ANTHONY WIMBLEY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This matter comes before the Court on the Government's Appeal of Magistrate Judge's Order of July 15, 2011 (doc. 39). The Appeal has been briefed and is ripe for disposition.

**I. Background.**

Defendant, Dominic Anthony Wimbley, is charged with one count of violating 18 U.S.C. § 2250(a). The Superseding Indictment filed on June 22, 2011, alleges that "[b]etween on or about May 22, 2009 and on or about November 10, 2010, in the Southern District of Alabama, Southern Division and elsewhere," Wimbley "having traveled in interstate and foreign commerce, knowingly failed to register and update a registration as required by the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.*" (Doc. 22, at 1.) The Superseding Indictment identifies the underlying conviction giving rise to Wimbley's SORNA registration obligations as a June 1998 conviction of second-degree rape and sodomy in Washington County, Alabama.[1]

---

[1] The court file also includes a "Notice of Government's Intent to Introduce 404(b) Evidence" (doc. 26) which sets forth the following salient factual allegations: (i) Wimbley was convicted in June 1998 of a sex offense requiring registration; (ii) that conviction triggered SORNA registration obligations for Wimbley when the Adam Walsh Act became law in July 2006; (iii) Wimbley was in custody on an unrelated probation revocation in the State of Georgia from July 2008 until May 22, 2009; (iv) upon his release from custody in Georgia, Wimbley was informed of the registration requirements; (v) the Government learned that Wimbley was in custody on unrelated drug charges in Washington County, Alabama in November 2010; (vi) those charges reflected that Wimbley had been selling drugs in Washington County for some period of time; and (vii) Wimbley had failed to register under SORNA during the time in which he was living in Washington County.

At Wimbley's arraignment on the Superseding Indictment, the Government furnished the defense with discovery materials showing that Wimbley had engaged in drug transactions in Jackson, Alabama on February 25, 2010; March 2, 2010; and March 5, 2010; and that Wimbley had been arrested in Chatom, Alabama on November 14, 2010 for intimidating a witness. Those documents (plus an accompanying video) are the Government's evidence that Wimbley was in the State of Alabama on each of those respective dates. Moreover, the Government had previously notified the defense of evidence that Wimbley had been released from custody in Georgia on May 22, 2009, had been notified of his SORNA registration obligations at that time, and had not registered after moving to Alabama.

Wimbley petitioned for a bill of particulars, pursuant to Rule 7(f), Fed.R.Crim.P. As grounds for this request, Wimbley stated that, "[i]n order to defend the case," he required the following "essential facts": (i) the date(s) of the interstate travel; (ii) the origination and terminus points of that travel; (iii) whether he was charged with failing to register or failing to update a registration; and (iv) the date of that alleged failure. (Doc. 31, at 2-3.) After briefing and a hearing on the motion, the Magistrate Judge entered an Order (doc. 37) on July 15, 2011 granting the defense motion for bill of particulars. The July 15 Order set forth the Magistrate Judge's findings that these categories of requested information were not specified in the Superseding Indictment; were necessary to the defendant to enable him to prepare a defense, minimize surprise at trial and enable a plea of double jeopardy if he were subsequently charged again for the same offense; and were not available to him from other sources. On that basis, the July 15 Order directed the Government to furnish defendant with a bill of particulars specifying all of the "essential facts" identified in the motion. The Government timely objected.[2]

**II.     Analysis.**

Wimbley's request for bill of particulars is a nondispositive matter, inasmuch as no charge or defense is subject to termination with its resolution. Accordingly, this Court's review of the July 15 Order is governed by Rule 59(a), Fed.R.Crim.P. That rule provides that, as to a magistrate judge's ruling on a nondispositive matter, "[t]he district judge must consider timely

---

[2]     In considering those objections, the undersigned has reviewed the parties' briefs, the July 15 Order, the audio recording of the July 14 hearing before the Magistrate Judge, and all other portions of the file deemed relevant.

objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* This is a deferential standard of review. For purposes of this rule, "a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re of Grand Jury Empaneled April 24, 2008*, 601 F. Supp.2d 600, 603 (D.N.J. 2008) (citation omitted); *see also Pigott v. Sanibel Development, LLC*, 2008 WL 2937804, *5 (S.D. Ala. July 23, 2008) ("clearly erroneous" test is satisfied only if district judge finds "that the Magistrate Judge abused his discretion or … the Court is left with a definite and firm conviction that a mistake has been made") (citations omitted). Similarly, "[a] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Grand Jury*, 601 F. Supp.2d at 603 (citation omitted); *see also Pigott*, 2008 WL 2937804, at *5 ("[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure") (citations omitted). The Government's objections/appeal are viewed through the prism of this demanding legal standard for obtaining relief from magistrate judge rulings on nondispositive matters.

The Magistrate Judge identified the correct legal standard governing Wimbley's motion for bill of particulars. The purpose of such a bill is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986); *see also United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (same). Defendants are not entitled to a bill of particulars as a tool for procuring generalized discovery, information that is available from other sources, or a comprehensive preview of the Government's trial proof or theories. *See, e.g., United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) ("[G]eneralized discovery is not a proper purpose in seeking a bill of particulars.") (citation omitted); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) ("A defendant should not use the Bill of Particulars to

obtain a detailed disclosure of the government's evidence prior to trial.") (citation and internal quotation marks omitted). "[A] district court is vested with broad discretion in deciding whether a bill of particulars should be granted." *Cole*, 755 F.2d at 760 (citations omitted).

In applying this legal standard, the Magistrate Judge concluded that Wimbley was entitled to know the "on or about" date of the alleged interstate travel, the beginning and end points of such interstate travel, and whether he is charged with failing to register or failing to update a registration.[3] The Government objects to the Magistrate Judge's finding that a bill of particulars is appropriate for these matters.

With regard to the date of travel, the Court agrees with the Government that the defendant does not reasonably require that information under Rule 7(f). To establish Wimbley's guilt on the § 2250(a) charge, the Government does not have to prove the "on or about" date of his alleged travel in interstate commerce. What matters is the <u>sequence</u> of events, not the exact date on which state lines were crossed. *See United States v. Beasley*, 636 F.3d 1327, 1328 (11th Cir. 2011) ("a defendant violates § 2250(a) only if he becomes subject to SORNA's registration requirements … [and] *thereafter* travels and *then* fails to register") (citation and internal quotation marks omitted). From the discovery and the 404(b) Notice provided to him, Wimbley already knows how the Government intends to prove this chain of events. In particular, the Government expects to prove that he was subject to SORNA registration requirements (by virtue of a 1998 sex offense conviction in Alabama), that he was incarcerated in Georgia until May 2009, that he was living in Alabama in February/March 2010 and in November 2010, and that he failed to register or update his registration after traveling to Alabama. The sequence of the Government's case is clear: Wimbley became subject to SORNA registration requirements in February 2007.[4] He traveled in interstate commerce sometime between May 2009 (when he was

---

[3] The Magistrate Judge also required the Government to notify Wimbley of the "on or about" date of his failure to register or update a registration. There is no need to address that issue separately. By statute, Wimbley was required to register within 3 business days after changing his residence. *See* 42 U.S.C. § 16913(c). That registration deadline under SORNA is thus pegged to the date of his move to Alabama. If Wimbley is not entitled to a bill of particulars on the "on or about" date of his travel to Alabama, then he is likewise not entitled to one on the "on or about" date of his failure to register, which would commence 3 days thereafter.

[4] SORNA became applicable to offenders (such as Wimbley) whose convictions predated SORNA's July 2006 enactment as of February 28, 2007, pursuant to an Attorney (Continued)

released from custody in Georgia) and February 2010 (when he was engaged in drug transactions in Alabama) or November 2010 (when he was arrested on witness-intimidation charges in Alabama). And he did not register or update his registration as required by SORNA following that move.[5]

Against the backdrop of this information showing Wimbley how the Government contends he violated § 2250(a), the Court perceives no legal basis for requiring a bill of particulars identifying an "on or about" date of interstate travel. Both the Magistrate Judge's Order and Wimbley's brief (doc. 43) generally state that such information is necessary to enable Wimbley to prepare a defense, minimize surprise and plead double jeopardy. But neither explains why. The audio file of the hearing reflects the Magistrate Judge's concerns that an 18-month interval is lengthy and that the indictment was "barebones." But the "on or about" date is not needed to help Wimbley prepare a defense or minimize surprise. After all, Wimbley is keenly aware that the travel forming the basis of the § 2250(a) charge is his movement to Alabama sometime after he was released from Georgia custody on the probation revocation in May 2009, and sometime before he was allegedly selling drugs in Alabama in February/March 2010 or he was arrested in Alabama in November 2010. So how, then, is he unable to prepare a defense, avoid surprise, or plead double jeopardy without being told of the exact "on or about" date on which he is alleged to have entered Alabama? Neither the July 15 Order nor defendant's brief address that question in anything other than the most general terms.[6] More importantly, it

---

General opinion. *See Beasley*, 636 F.3d at 1329 (defendant's "move to Georgia took place between the July 2006 enactment of SORNA and the February 2007 Attorney General Opinion rendering SORNA applicable to him"); *United States v. Madera*, 528 F.3d 852, 858 (11th Cir. 2008) ("we find that Congress vested the Attorney General with sole discretion to determine SORNA's retroactivity," and that the Attorney General exercised such discretion in issuing the February 2007 interim rule).

[5] The relevant provision of SORNA reads as follows: "A sex offender shall, not later than 3 business days after each change of … residence, … appear in person in at least 1 jurisdiction involved … and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." 42 U.S.C. § 16913(c).

[6] At most, Wimbley alludes to a possible argument of duplicity in the Superseding Indictment, suggesting that there may be multiple SORNA violations concealed within the single count charged. But the case he cites for this proposition reflects that "all of the courts that have (Continued)

affirmatively appears to the undersigned that granting a bill of particulars to Wimbley on that basis would not advance any of those permissible objectives, and that the Magistrate Judge's decision requiring a bill of particulars on this point was a misapplication of the law.

The same is true of the Magistrate Judge's determination that Wimbley is entitled to a bill of particulars establishing "the place of origin and the place of termination of the interstate travel." (Doc. 37, at 4.) From the discovery and the Rule 404(b) Notice already provided to him, Wimbley is well aware that the Government's proof fixes his location as being in Georgia

---

recognized a 'continuing' SORNA violation have found that the violation continues until the defendant is arrested *or* registers." *United States v. Pietrantonio*, 637 F.3d 865, 870 (8th Cir. 2011) (citations omitted). Under that standard, there would be no legitimate fear of a duplicitous indictment in this case because the ending date specified in Count One is November 10, 2010. There is no indication that Wimbley registered before then, and he was not arrested for the SORNA violation until well after that date. (*See* doc. 4 (arrest warrant dated March 23, 2011).) Moreover, numerous appellate courts have concluded that SORNA violations are a continuing offense. *See, e.g., Pietrantonio*, 637 F.3d at 869-70; *United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010) ("We interpret the violation of the sex offender registration requirement as a continuing offense."); *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008) (SORNA "creates a continuing offense …. If the convicted sex offender does not register by the end of the third day after he changes his residence, he has violated the Act, and the violation continues until he does register"); *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008) ("An interpretation of the sex offender registration requirement that defines it in any way other than as a continuing offense would result in absurdity."). That principle would not only negate Wimbley's duplicitous indictment concern, but would also obviate any double jeopardy issue because the conduct charged would represent a single continuing violation of § 2250(a). In any event, Wimbley does not reasonably need an "on or about" date to evaluate any "duplicitous indictment" challenge he may wish to raise, or to protect himself from double jeopardy in future prosecutions for the same conduct.

The Court understands that Wimbley also argued at the hearing before the Magistrate Judge that he needed to know the actual alleged date of travel to support his impossibility defense, on the theory that if he were incarcerated when the reporting obligation was triggered, then it would have been impossible for him to comply with SORNA's registration obligations. Impossibility is an affirmative defense available to Wimbley through 18 U.S.C. § 2250(b). Assuming that Wimbley wishes to pursue such a defense, he requires no additional information from the Government to do so. He knows when, during the period in question, he traveled into Alabama. If he was in custody within three days of crossing the state line and continuously thereafter for the remainder of the period specified in the Superseding Indictment, such that he was unable to fulfill his SORNA reporting duties, then Wimbley may have a viable impossibility defense. Either way, Wimbley does not need a specific "on or about" date within the range provided in order to prepare such an affirmative defense. He already possesses all of the information he needs to evaluate and present that defense.

in May 2009, and in the Southern District of Alabama in February/March 2010 and November 2010. It is abundantly clear from these materials that the Government intends to establish the travel in interstate commerce element of a § 2250(a) violation by showing via circumstantial evidence that Wimbley departed Georgia and sometime thereafter arrived in Alabama. Defendant has offered no inkling of why he would require greater specificity concerning "the place of origin and the place of termination of the interstate travel" in order to prepare a defense, minimize surprise at trial, or be vigilant to double jeopardy concerns. Because the defendant has already been given information showing that the Government's proof of travel in interstate commerce hinges on evidence that he was in Georgia at one time and in Alabama at some later time, he requires and is entitled to no bill of particulars elaborating on his travel itinerary.

Finally, the July 15 Order found that Wimbley was entitled to a bill of particulars specifying "whether the allegation is that defendant failed to register o[r] failed to update a prior registration." (Doc. 37, at 4.) The Superseding Indictment charged that Wimbley "knowingly failed to register and update a registration." Defendant argues that "[t]he distinction between registration and re-registration makes a difference" (doc. 43, at 5), but he does not say why the absence of such information compromises his ability to prepare a defense, to avoid unfair surprise at trial, or to anticipate double jeopardy issues.

Nor is this element necessarily an either/or situation at all. Discovery provided by the Government to the defense confirms that Wimbley did initially register in Georgia, inasmuch as he signed registration forms in that state in April 2008. So obviously he is not being charged with <u>never</u> registering anywhere as a sex offender. However, from the discovery and other facts presented, Wimbley could certainly be guilty of violating § 2250(a) by both failing to register (in Alabama) and failing to update his registration (in Georgia) following his relocation across state lines into the Southern District of Alabama. The Superseding Indictment charges him with violating the statute in both respects. No further elaboration is required to enable Wimbley to prepare a defense. He knows (or can easily find out) whether and when he registered in Georgia and Alabama, and whether and when he notified Alabama and Georgia authorities of changes in his status. The either/or configuration favored by the Magistrate Judge and Wimbley ignores the fact that, in many § 2250(a) cases, failing to register and failing to update a registration are really

two sides of the same coin (*i.e.*, two ways of viewing a singular violation).⁷ For these reasons, the Magistrate Judge's unexplained ruling to force the Government to select one or the other and notify defendant of same via bill of particulars was contrary to law.

## III. Conclusion.

There is no doubt that SORNA can be a challenging statute to construe and apply. But the undersigned is convinced that Wimbley's motion for a bill of particulars requesting the specified information substantially exceeds the proper parameters of that mechanism. It calls for information that the defendant does not reasonably require in order to prepare for trial, and that may not have anything to do with the evidence at trial. It ignores the pragmatic necessity that § 2250(a) cases are often established using inferential proof of travel in interstate commerce during a wide range of dates, as opposed to exacting "he-traveled-on-this-date-certain" proof. It holds the Government to a degree of specificity that is not needed and may not be attainable in many cases.⁸ And it seeks to force the Government to make an unnecessary election between

---

⁷ SORNA requires that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides." 42 U.S.C. § 16913(a). It further requires that "[a] sex offender shall, not later than 3 business days after each change of … residence … appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register." *Id.* § 16913(c). Thus, by the plain language of the statute, after moving to Alabama, Wimbley could have satisfied his SORNA obligations either by registering in Alabama (which would have been required to furnish that information to Georgia) or by updating his registration in Georgia (which would have been required to furnish that information to Alabama). The charged violation, then, was Wimbley's failure to take either of these actions. Seen through this light, it was entirely appropriate for the Superseding Indictment to charge the § 2250(a) violation in the conjunctive, rather than specifying one or the other. Nor is this conclusion altered by Wimbley's suggestion that he had already registered in Alabama under pre-SORNA state law. (Doc. 43, at 5.) If that were true, then there could perhaps be a semantics debate of whether Wimbley actually needed to "register" in Alabama at all after moving here or whether he needed instead to "re-register," as defendant puts it. But the fundamental point remains that Wimbley is fully equipped to defend himself at trial without forcing the Government to commit itself to either a "failure to register" or a "failure to update a registration" theory at this time.

⁸ If the Government were forced to adhere to the rigorous standards imposed by the Magistrate Judge's Order, precious few § 2250(a) prosecutions would be immune from a Rule 7(f) bill-of-particulars attack. In many SORNA prosecutions, the Government does not prove (and indeed, does not know) the precise "on or about" date that the offender crossed state lines. (Continued)

-8-

two overlapping methods of establishing a single § 2250(a) violation, both of which have been properly charged in the Superseding Indictment. For all of these reasons, the Court finds that the July 15 Order is contrary to law and that the Government's objections are meritorious.

The July 15 Order (doc. 37) granting the defendant's motion for bill of particulars is **set aside** pursuant to Rule 59(a), Fed.R.Crim.P. The Motion for Bill of Particulars (doc. 31) is **denied**.

DONE and ORDERED this 27th day of July, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

Authorities do not track the day-to-day movements of U.S. residents. Rather, the basis of the SORNA prosecution is often that a convicted sex offender subject to SORNA requirements was known to reside in State X on one date, and known to reside in State Y on another later date, raising a compelling inference that the defendant must have traveled in interstate commerce during the interim. If the defendant did not register or update his registration within 3 business days after he was known to be in State Y, then the Government has shown a violation of § 2250(a), even if the Government does not prove and does not know the specific dates of travel, the exact route taken by the defendant in interstate travel, or the exact date on which the defendant's SORNA reporting obligation ripened. Thus, the July 15 Order imposed an unrealistic and unattainable burden of exactitude on the Government that § 2250(a) does not require and that many § 2250(a) prosecutions could not hope to satisfy.